## Cochran et al., Appellants, v. Sanderson et al.

*Ejectment—Title—Record—Evidence—Parol to contradict record.*

In ejectment, the records and proceedings, including proceedings for specific performance, under and by virtue of which defendants acquired title, are admissible in evidence; and parol evidence is not admissible to contradict the record, to show that one of the plaintiffs had no guardian.

*Assignment of error to admission of record.*

An assignment of error to admission of record evidence should recite the record in full.

Argued Oct 4, 1892. Appeal, No. 21, Oct. T., 1892, by plaintiffs, D. W. Cochran et al., from judgment of C. P. Westmoreland Co., Aug. T., 1889, No. 140, on verdict for defendants. Before STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Ejectment. The facts appear by opinion of Supreme Court.

On the trial, before RAYBURN, P. J., defendants offered in evidence draft of the property made by John McIntyre. Objected to because it was not a draft of the entire tract, purpart C as marked upon the draft not having been surveyed at all by the witness. Objection overruled and evidence admitted. [1]

Defendants, under objection, offered the record evidence recited in the opinion of the Supreme Court for the purpose of showing title. [2]

Plaintiff offered to prove by Henry Cochran, one of the plaintiffs, that he never had any guardian or notice of the proceedings for specific performance. Objected to and offer rejected. [3]

The court gave binding instructions for defendants. [4]

Verdict and judgment for defendants. Plaintiffs appealed.

*Errors assigned* were (1, 2) admission of defendants' evidence, quoting the offers but not the bills of exception or the evidence, except in the form of docket entries; (3) rejection of plaintiffs' offer, quoting offer but not bill of exception; and (4) instructions, quoting them.

*W. D. Moore*, with him *S. A. Kline* and *J. Chas. Dicken*, for appellants, cited Armor v. Cochrane, 66 Pa. 308.

*Paul H. Gaither*, with him *J. A. Marchand, D. S. Atkinson, John M. Peoples* and *G. Dallas Albert*, for appellees, cited Hoffman v. Coster, 2 Wh. 453.

OPINION BY MR. JUSTICE STERRETT, October 31, 1892.

Early in the present century, John Cochran, the first, owned a tract of land of which he afterwards died seized. By proceedings in partition, the same land was adjudged to his son John Cochran, the second, father of present plaintiffs, and the legal title thereto remained in him at the time of his decease in 1844. Afterwards, his brother William Cochran, uncle of the plaintiffs, presented his petition to the orphans' court, alleging that his deceased brother John had contracted to convey to him a part of said land, and praying specific performance of said contract, etc. Thereupon the court appointed John Cochran, the third, guardian ad litem of his brothers, the present plaintiffs, who were then minors, and the matter was so proceeded in that specific performance, as prayed for, was duly decreed, and thus the title to that part of the land described in said petition became vested in William Cochran. By sundry mesne conveyances, etc., the part thus decreed to William became vested in defendants.

In August, 1853, by proceedings in partition, the residue of said first mentioned tract of land, being all the real estate of which John Cochran, the second, died seized, except that embraced in the decree of specific performance aforesaid, became vested in John Cochran, the third, brother of present plaintiffs. When the inquest of partition in that case was awarded, the court appointed William McChesney guardian ad litem of said plaintiffs, who were still minors. By sundry conveyances, etc., the title thus acquired by John Cochran, the third, became vested in the present defendants, from whom plaintiffs seek to recover possession of two undivided sevenths of said land and the land decreed as aforesaid to William Cochran.

A prior action of ejectment for same lands, brought by plaintiffs in 1879, resulted in a verdict and judgment in favor of defendants. On the trial of this action, defendants offered the records above referred to, for the purpose of showing that the title, under which they claim, was regularly derived from John Cochran, the second, who is conceded to be the common source of title.

The first and second specifications are not according to rule, and might therefore be dismissed without further comment; but, waiving that irregularity, there is no merit in either of them. The draft made by John McIntyre, and referred to in the first specification, was rightly admitted in evidence. It was neither irrelevant nor incompetent. The same may be said of the record evidence referred to in the second specification. The defendants had an undoubted right to give in evidence the records and proceedings under and by virtue of which they acquired title to the land in controversy; and that was all the court permitted them to do.

The subject of complaint in the third specification is the refusal of the court to permit one of the plaintiffs to prove that he never had any guardian, nor any notice of the proceedings in partition, or for specific performance of contract above mentioned. The record clearly shows that, in each of said proceedings, a guardian ad litem was duly appointed for the plaintiffs, who were then minors. It requires neither argument nor citation of authority to show that there was no error in refusing to permit them to contradict the record, as they proposed to do. Fortunately for the security of titles records cannot be brushed aside in such a free and easy manner.

The defendants' evidence showing title in themselves, was uncontradicted, and of course there was no error in affirming their point and thereby instructing the jury as complained of in the fourth specification, that under the law and evidence their verdict must be in favor of the defendants.

Neither of the specifications of error is sustained.

Judgment affirmed.